# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-190 |
| VINCENT ROTONDI | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Vincent Rotondi served his community as a police officer for the City of Philadelphia and as a detective for the Philadelphia District Attorney's Office for over 22 years. PSR ¶ 76. In 2020, the year that defendant illegally filed for and collected for Pennsylvania Unemployment Assistance ("PUA") benefits, he made over $180,000 in his job while working as a detective for the District Attorney's Office. PSR ¶ 76. The defendant's career in law enforcement and his additional side business as a "DJ" allowed to him accumulate significant assets. PSR ¶ 78. As reported in the PSR, defendant Rotondi owns a house, has multiple vehicles, and a savings account with over $30,000 in funds. PSR ¶ 78. Despite an extremely worthwhile career, a comfortable lifestyle, and a family, the defendant decided to put this all at risk by fraudulently obtaining $34,344 in PUA benefits, benefits designed to help struggling individuals afloat during an international pandemic.

While working for the City of Philadelphia in this capacity, the defendant decided to file a fraudulent PUA application stating that he was no longer employed and not receiving any income. After filing this initial application, that defendant continued to file weekly certifications stating that he was unemployed and not receiving any income. These statements were untrue as the defendant was fully employed by the City and receiving bi-weekly income. In

1

fact, that defendant made a very significant salary throughout the entire time he was collecting PUA.

Despite the serious of his actions, the defendant has accepted responsibility for his actions and entered a plea of guilty. For these reasons, as well as for the reasons set forth below, the government recommends a sentence within the advisory guideline range.

I.      Procedural Background

On June 16, 2022, a federal grand jury sitting in the Eastern District of Pennsylvania returned a five-count indictment charging the defendant, Vincent Rotondi, with four counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of theft of public money, in violation of 18 U.S.C. § 641.

On December 14, 2022, defendant Rotondi appeared in front of this Court and entered a plea of guilty to Count Five of the Indictment, one count of theft of public money. Defendant Rotondi pled guilty pursuant to a plea agreement with the United States Attorney's Office for the Eastern District of Pennsylvania.

II.     Maximum Penalty and Advisory Sentencing Guideline Calculation

    A.      Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant is 10 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a mandatory $100 special assessment.

B. Sentencing Guidelines Calculation

The government calculates the defendant's advisory sentencing guidelines as follows:

| | |
|---|---:|
| Base offense level | 6 |
| Loss amount of over $15,000 | + 4 |
| Acceptance of responsibility | - 2 |
| Total offense level | 8 |

The defendant is in Criminal History Category I. A total offense level of 8, with a Criminal History Category I, results in an advisory sentencing range of 0 to 6 months imprisonment within Zone A.

III. Analysis

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is a sentence within the advisory guideline range.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

3

punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

### A. The Nature and Circumstances of the Defendant's Crimes

The defendant's crimes in this case are serious. Defendant Rotondi defrauded a government program designed to help individuals facing very difficult times. Individuals eligible for PUA benefits needed the money to keep and maintain housing and to secure basic food items. Rotondi's conduct was also not a one-time mistake or lapse of judgement. It was repeated misuse of the PUA funds over a several month period. Rotondi's conduct is also even more serious given the extent of his salary and the position he occupied while committing the fraud. Rotondi committed this offense while employed by the City of Philadelphia in a position tasked with helping and protecting citizens.

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (quoting *United States v. Navedo Concepcion*, 450 F.3d 54, 58 (1st Cir. 2006)).

B.   The History and Characteristics of the Defendant

Outside of the instant offense, the defendant has led an otherwise productive life. In addition to his career in public service, he has raised a family including multiple children, and runs a successful side business. PSR ¶ 45-56. The defendant does not report any substance abuse issues or any significant health issues. PSR ¶ 60-69.

C.   The Need for the Sentence Imposed To Reflect the Seriousness
of the Offenses, To Promote Respect for the Law,
and To Provide Just Punishment for the Offenses

Defendant Rotondi's offense is serious as not only did it deprive rightful applicants of important benefits but also his offense erodes the public's perception of the efficacy of government programs and diminishes the seriousness of defrauding the government. These issues are compounded when a defendant commits this type while in a position of public trust such as a police officer.

D.   The Need for Adequate Deterrence

As stated above, given the prevalence of pandemic-related fraud, an appropriate sentence is necessary to deter the defendant and others from committing these types of offenses. The fraud for COVID-19 related programs has, in the aggregate, created tremendous losses to the government. Accordingly, it is important for the defendant and others to be deterred from this type of fraud even when the individual loss amounts are not overwhelming.

E.   The Need To Avoid Disparities

Defendant Rotondi is the sole defendant in his indictment, and there is no indication that a sentence within the advisory guideline range will result in any sentencing disparities.

F.  Educational or Vocational Training

The government is not aware of a need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Within the advisory guideline range, this Court has different options to sentence the defendant. Any of these options can include appropriate vocational training or conditions to maintain appropriate employment.

G.  The Kinds of Sentence Available

As defendant Rotondi's advisory guideline range falls within Zone A of the sentencing guidelines, the Court can impose different sentences and/or a combination of those sentences.

H.  Restitution and Forfeiture

As per the plea agreement, the defendant has agreed to pay restitution and forfeiture of up to $34,344. Accordingly, the government requests restitution and forfeiture in the amount of $34,344.

IV.  Conclusion

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition of a sentence within advisory guideline range.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

  /s/ TIMOTHY M. LANNI
TIMOTHY M. LANNI
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Sentencing Memorandum was served by email on Charles Gibbs, Esq.

                                                        /s/ TIMOTHY M. LANNI
                                                       TIMOTHY M. LANNI
                                                       Assistant United States Attorney

Date: March 23, 2023